DURATRON PRODUCTS CORPORATION, Respondent, *v.* PHILIP FREE-MAN CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, December 20, 1927.

**Contracts — counterclaim in action on promissory note alleged breach of contract for purchase of articles exclusively from plaintiff — defendant admits sales of rival manufacturer's articles under claim that it obtained articles by reason of loan and security therefor — instructions — emphasis placed upon conduct of defendant misled jury.**

In this action on a promissory note defendant interposed a counterclaim for damages for breach of a contract under which it agreed to purchase articles exclusively from the plaintiff. Defendant admitted it came into possession of similar articles from a rival manufacturer, but claims that it had obtained and disposed of these as security for loans made to said rival. In instructing the jury the court emphasized whether or not defendant's conduct in making the loan and acquiring the security therefor was the conduct of a prudent business man. Since the question of the loan was the center of the whole controversy, it is reasonable to believe that the jury must have been misled by the immaterial standard of conduct suggested by the court.

APPEAL by defendant from judgment of the City Court of the City of New York, county of New York, in favor of plaintiff entered on a verdict of the jury.

*David Haar* [*H. H. Nordlinger* of counsel], for the appellant.

*Hovell, McChesney & Clarkson* [*Sidney A. Clarkson* of counsel], for the respondent.

PER CURIAM. Plaintiff's claim on a promissory note was conceded. Defendant interposed a counterclaim for damages for breach of contract. The question litigated was which party was responsible for the breach. The controversy centered largely upon one issue. Defendant had agreed to purchase its supply of articles manufactured by plaintiff exclusively from the plaintiff. It admitted that it had come into possession of a considerable number of similar articles from a rival manufacturer but claimed that it had obtained and disposed of these as security for loans made to such rival. This conduct of defendant was alleged by plaintiff to constitute a breach of the contract upon which it had the right to do as it did, namely, treat the agreement as at an end.

In this situation the learned judge below instructed the jury that if the act of defendant " in taking these tubes,— loaning the money and taking these tubes as security — was not the conduct and the act of *a prudent business man placed in like circumstances* with a contract outstanding," etc.

This interjected into the plain question of fact whether by the

loan and acquisition of the security therefor defendant had breached its agreement with plaintiff — the conduct of a prudent business man, reference to which was made three times in the same part of the charge and due exception taken. As the subject referred to was really the nub of the whole controversy we cannot avoid the conclusion that the jury must have been misled by the totally false and immaterial standard of conduct suggested.

Judgment reversed and a new trial granted, with costs to appellant to abide the event.

All concur; present, Bijur, Levy and Crain, JJ.